No. 46,565

Donald E. Meehan, *Appellant,* v. Adams Enterprises, Inc.; William E. Adams, Victor M. Dellenbaugh, Dennis W. Roberts, James P. Salomon, Linda Salomon, Ronald D. Metzger and Gary Metzger, *Appellees.*

(507 P. 2d 849)

Opinion filed March 3, 1973.

*Ray Hodge,* of Beaty, Hodge and Wood, of Wichita, argued the cause and was on the brief for the appellant.

*Marvin C. Pendergraft,* of Render, Kamas & Kelly, of Wichita, argued the cause, and *Jean Oliver Moore,* of Moore & Brown, of Wichita, and *Aubrey J. Bradley, Jr.,* of Wichita, were with him on the brief for the appellees.

The opinion of the court was delivered by

Owsley, J.: This is an action against a corporation and officers and directors thereof for specific performance of an employment contract, collection of wages for work performed, and actual and punitives damages for issuance of an insufficient fund check. Plaintiff, Donald E. Meehan, appeals from the pretrial order of the district court dismissing without prejudice his action against all individual defendants herein.

One of plaintiff's causes of action is based upon the terms of two key employee contracts executed January 12, 1971, and February 5, 1971, by defendant William E. Adams, purporting to act as president of defendant Adams Enterprises, Inc. Both contracts were for employment of Meehan by Adams Enterprises, Inc., for two years at an annual salary of $10,800. The articles of incorporation and the affidavit of paid-in capital were filed on February 17, 1971.

Plaintiff was dismissed from his employment on March 23, 1971. Total wages paid under the employment contract were $450.00, leaving an unpaid balance of $21,150. Plaintiff claims defendants must either perform the contract or pay the unpaid balance due, plus interest.

Plaintiff bases another cause of action upon the issuance to him of an insufficient fund check in the amount of $333.92, drawn against Adams Enterprises, Inc., signed by Linda F. Salomon and James P. Salomon. Plaintiff argues the corporate entity should be disregarded and the stockholders, officers, and directors held personally liable due to inadequate capitalization.

Plaintiff alleges a third cause of action arises from defendants' intentional tort in knowingly issuing the insufficient fund check, thereby cheating and defrauding him of wages. His petition prays for actual damages of $100.00 and $50,000 punitive damages.

Plaintiff joined the individual defendants in this action because of their positions relative to defendant corporation. William E. Adams was the first president of Adams Enterprises, Inc., was an incorporator, and signed the employment contracts. James P. Salomon was an incorporator, director of finance (treasurer), stockholder, and signed the insufficient fund check. Linda P. Salomon was secretary of the corporation and signed the insufficient fund check. Victor M. Dellenbaugh was an incorporator and major stockholder. Dennis Roberts was an incorporator. Ronald G. Metzger was an incorporator and director of marketing and sales. Gary Metzger was listed in defendant corporation's interrogatories as an officer and plant manager. No directors were elected by the stockholders. However, officers were elected even though it is not clear by whom they were elected.

The record discloses plaintiff took judgment against defendant corporation on the insufficient fund check on October 15, 1971, and execution was issued and returned "no goods found." These matters are of no concern in this appeal. A notice of appeal was filed September 10, 1971, from an order of the trial court dated August 12, 1971. Action taken thereafter by court or counsel cannot be reviewed in this appeal. The responsibility of the defendant corporation to the plaintiff, if any, is not raised by this appeal. The only issue here involved is the action of the trial court in dismissing the individual defendants. We will confine our review to that ruling.

Following a pretrial conference the trial court dismissed this

action against all the individuals named as defendants. No findings of fact were made or reasons given for the dismissal. At this point in the proceedings the only facts revealed are those resulting from interrogatories submitted by plaintiff and answered by some of the defendants, and admissions made by some of the defendants. The plaintiff's version of the pertinent facts was not before the court. In dismissing the action against the individual defendants the trial court must have found as a matter of law that no liability could attach to such defendants.

Plaintiff first contends the defendant corporation was under-capitalized. The basis therefor is the fact the corporation filed its affidavit of paid-in capital on February 17, 1971, and on March 5, 1971, gave the plaintiff an insufficient fund check for labor in the sum of $333.92. Although plaintiff does not specifically state, we assume he concludes from these statements that he should be entitled to pierce the corporate veil. We recognize under-capitalization may be a factor in a determination to disregard corporate entity. (*Kilpatrick Bros., Inc. v. Poynter,* 205 Kan. 787, 473 P. 2d 33.) On the meager facts in the record no meaningful discussion of this argument can be made, but reason dictates the plaintiff should have an opportunity to develop this theory of liability against the individual defendants.

We also believe the individual defendants could be liable to plaintiff for issuing or causing to be issued a corporation check when they knew or should have known there were no funds in the bank to support the check. Authority for this position is found in *Klockner v. Keser,* 29 Colo. App. 476, 488 P. 2d 1135, (1971), 47 A. L. R. 3d 1245 annotated. In *Klockner,* it was said:

"A person who writes a check impliedly represents that there are sufficient funds in the account upon which it is drawn. *Kilbourn v. Western Surety Co.,* 187 F. 2d 567. In the instant case, although the checks were written by York, the defendants, as directors and officers of the corporation, authorized the corporation to continue doing business until the end of September 1966. Continuing business necessitated, of course, the issuance of checks to sellers of automobiles, such as the plaintiffs. The approval or sanction by the directors or officers of a corporation to acts of fraudulent misrepresentation is a sufficient basis for holding them personally liable for damages arising from such fraudulent acts. W. FLETCHER, PRIVATE CORPORATIONS § 1150 (1965 ed.)

"Considering the facts of this case, we hold that the record supports the trial court's finding that the defendants 'knew or should have known' of the overdrawn status of the corporation's bank account at the time in question. We also hold, pursuant to what we consider to be the better reasoned authori-

ties, that although officers and directors of a corporation may not be held liable for the torts of a corporation solely by reason of their office, they may be held liable personally for the results of tortious, fraudulent misrepresentations where they approved of and sanctioned the making of such representations and knew or should have known of the falsity of the representations and the consequential damages which were likely to result therefrom. . . ." (pp. 480, 481.)

The check given plaintiff was signed by two officers of the corporation. The record does not disclose their knowledge of the financial condition of the corporation, nor does it disclose whether the directors authorized the issuance of the check and, if they did, their knowledge of the financial condition of the corporation at that time. We are satisfied factual issues are presented in connection with the issuance of the check which plaintiff should have opportunity to present in a trial of this action.

Defendants contend K. S. A. 17-4009 (Repealed L. 1972, ch. 52, § 153; see K. S. A. 1972 Supp. 17-7101), prohibits plaintiff from pursuing the individual defendants. The statute provides:

"No suit shall be brought against any director or stockholder for any debt of a corporation of which he is such director or stockholder, until judgment be obtained therefor against such corporation and execution thereon returned unsatisfied, in whole or in part."

This statute was construed in *Kilpatrick Bros., Inc. v. Poynter*, supra, and held not to apply when the required steps would be useless. Whether the required steps would be useless in this case is again a question of fact; therefore, it requires evidence. This issue should be tried.

In view of the foregoing, we hold the trial court erred in dismissing this action against the defendants individually named.

Plaintiff alleges in his petition:

"That at the time of the Defendants and each of them making said Contract with Plaintiff, Defendants were not incorporated, but were merely in the process of becoming incorporated and Defendants and each of them did not file their affidavit of paid in capital pursuant to K. S. A. 17-2806, until February 17, 1971, and that pursuant to K. S. A. 17-2806 and K. S. A. 17-2807, the Defendants and each of them are personally liable to the plaintiff as individuals."

Although not necessary to the decision reached herein, we feel it would aid the parties and expedite processing the controversy in the trial court if we construe K. S. A. 17-2806 (Repealed L. 1972, ch. 52, § 153; see K. S. A. 1972 Supp. 17-6006). The statute provides:

"A. A corporation formed under this act shall not incur any debts or begin the transaction of any business, except such as is incidental to its organization or to obtaining subscriptions to or the payment for its shares, until: (1) The

corporate existence shall have begun as provided in section 14 [17-2805]. (2) The amount of capital with which it will begin business, as stated in the articles of incorporation, shall have been fully paid in; and (3) there shall have been filed in the office of the register of deeds of the county where the registered office of said corporation is located, an affidavit signed by the treasurer of the corporation stating that the amount of capital which the articles of incorporation state will be paid in before the corporation will commence business, has been fully paid in.

"B. If a corporation has transacted any business in violation of this section the officers who participated therein and the directors, except those who dissented therefrom and caused their dissent to be filed at the time in the registered office of the corporation or who being absent, so filed their dissent upon the learning of the action, shall be severally liable for the debts or liabilities of the corporation arising therefrom."

The provision that no debts should be incurred except those "incidental to its organization" we construe as being those related to organization, such as expense of meetings and procuring organizational data, investigation of markets and costs of production, attorneys' fees, and capitalization and recording fees. We cannot broaden the intent of the statute to include a contract with an employee, notwithstanding his classification as a key employee.

The statute imposes liability for debts of the corporation on "officers who participated therein and the directors" in violation of Section A (1), (2), and (3) thereof. Blatantly obvious is the fact that a corporation cannot have officers or directors until the articles of incorporation are issued and the officers and directors are elected. After such election, liability is imposed on such officers and directors for incurring indebtedness prior to compliance with statutory requirements to complete the corporate organization. The statute was construed in *Blair v. Mueller*, 299 F. 2d 385 (10th Cir. 1962), as follows:

". . . We are persuaded that the legislative purpose was to impose liability upon officers and directors alike for a violation of the statute in respect to the incurring of debts prior to the filing of the affidavit relating to the paid-in capital. And we think that the statute is limited in scope and effect in a case of this kind to debts incurred while the person against whom liability is asserted was an officer or director. We do not believe that the statute was intended to bring within the range of its sanction in the nature of personal liability for delinquencies in connection with debts incurred before the person against whom liability is asserted became an officer or director or after he ceased to occupy such official position. . . ." (p. 388.)

The status of those persons who initiate the organization of a corporation is by statute classified as promoters, subscribers and·

incorporators. (K. S. A. 17-2807; Repealed L. 1972, ch. 52, § 153.) They are released from liability for debts of the corporation contracted in its name before organization unless the corporation within thirty days from the date of the filing of the affidavit of paid-in capital shall have disaffirmed or repudiated the debt made on its behalf. The record does not disclose a disaffirmance, and in its absence no responsibility can be fastened on the individual defendants in this case as a result of the statutory provisions.

We hold the trial court erred in dismissing the action against the individual defendants and the action should be reinstated against them.

Reversed and remanded with directions.